UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Terry Edward Middleton,

        Plaintiff,

vs.                                  Case No.  2:03-cv-491-FtM-29SPC

MCI Telecommunications Corp., Paul Blayton,

        Defendants.
_____

**ORDER**

    This matter comes before the Court upon periodic review of the file and review of Plaintiff's Amended Complaint (Doc. #11). Plaintiff, an inmate currently incarcerated within the Florida penal system, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against MCI Communications Corporation and Defendant Paul Blayton, who is identified as the "MCI Representative." Amended Complaint, page 7. Plaintiff claims that MCI and its representative, Paul Blayton, refused to add a phone number to Plaintiff's approved list.  It appears from a review of the attached grievance documents that Plaintiff wanted to add a phone number for his fiancé that had a Staten Island prefix to his approved calling list.  It appears the call was not approved because MCI classified the call as a "three-way call."  Plaintiff argues the call was a "remote relay call." Plaintiff claims that MCI's refusal to add the phone number to his approved list was "done as part of a monopoly and price gouging scheme" contrary to Florida statutes. Complaint, Section VI, page 8.

Plaintiff seeks injunctive relief, and compensatory and punitive damages. Complaint, page 9F.

When a litigant seeks to proceed *in forma pauperis*, the Court is required to review the Complaint to determine whether the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, §1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). A complaint is frivolous under § 1915 if it lacks arguable merit either in law or fact. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), *cert. denied*, 124 S.Ct. 1038 (2004); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). A complaint fails to state a claim when it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997); Conley v. Gibson, 355 U.S. 41, 45-56 (1957).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim

under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001)(en banc); Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

   Plaintiff claims First Amendment violations against Defendants for allegedly being overcharged for telephone calls due to the method by which Defendants, the telephone carrier, designates a call in their system. The Defendants identified by Plaintiff are not state actors. The Court takes judicial notice of the fact that Defendant MCI Telecommunications Corporation (or its successor in interest) is a for-profit corporation, and Defendant Paul Blayton is a private citizen.  Therefore, the Court finds Defendants are not "persons acting under color of state law."  Even if the Court liberally construes, Plaintiff's Amended Complaint as seeking injunctive relief against the Department of Corrections, the Court cannot conceive of any First Amendment or other constitutional violation based upon these facts.  Consequently, viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that the Complaint fails

to state a claim for any constitutional violation for which relief may be granted against these Defendants under any set of facts that could be proved consistent with the allegations in the Complaint.  Thus, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Amended Complaint (Doc. #11) is **DISMISSED** without prejudice.

2. The **Clerk of Court** shall enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __10th__ day of October, 2005.

                                                  _____
                                                  JOHN E. STEELE
                                                  United States District Judge

SA: hmk
Copies: All Parties of Record